■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARK J. CLANCY, Appellant.— Order, Supreme Court, Bronx County entered on April 13, 1971 dismissing defendant's petition for a writ of error coram nobis without prejudice and without a hearing, reversed on the law and the facts and the matter remanded for a hearing to determine defendant's mental competency at the time he entered his guilty plea. Defendant's petition to vacate his 1969 conviction upon the ground of mental incompetency, was dismissed without prejudice upon the court's holding that since the defendant is not within the physical jurisdiction of our court, he is not entitled to the relief sought at this time. It appears that defendant was brought to New York from the United States Penitentiary in Marion, Illinois, where he was serving a 25-year sentence imposed by a Federal court. Following his plea and sentence, defendant was returned to the Federal penitentiary. It is obvious that defendant neither appeared in Bronx County nor absented himself therefrom voluntarily. The District Attorney is not on firm ground when he seeks the dismissal of the appeal because the defendant is beyond the jurisdiction of the courts of our State. He was brought within the jurisdiction at the People's initiative and request, sentenced and returned to the Federal jurisdiction. If an injustice was committed in the process, defendant is entitled to relief and it comes with ill grace for the People's representative to say that the court now lacks jurisdiction because the defendant is absent from New York. In every case cited by respondent where the court did not assume jurisdiction of an absent

defendant, the absence was voluntary. As stated, in this case defendant's absence is completely involuntary. Appellant alleges in his petition that between 1946 and 1967 (he was sentenced in Bronx County on March 14, 1969) he was a patient in six different mental institutions on ten different occasions, and that approximately seven months after he was sentenced in this case, he was adjudged mentally incompetent to stand trial by reason of insanity, in Rockland County Court. In view of these detailed allegations of prior history and subsequent adjudication of incompetency, appellant is entitled to a hearing to adduce evidence in support of his claim. (See *People* v. *Boundy*, 10 N Y 2d 518; *People* v. *Henderson*, 22 A D 2d 759; *People* v. *O'Rourke*, 22 A D 2d 734; *People* v. *Nichols*, 30 A D 2d 815.) Defendant did not waive the issue of his competency by not raising it in the lower court. As the United States Supreme Court held in *Pate* v. *Robinson* (383 U. S. 375) it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently "waive" his right to have the court determine his capacity to stand trial. (See, also, *Taylor* v. *United States*, 282 F. 2d 16, 23.) Concur — Nunez, J. P., Murphy and Eager, JJ.; Kupferman, J., concurs in part and dissents in part in the following memorandum: While I agree with the opinion of the court that the defendant would be entitled to a hearing, it seems absurd that he be brought back from the Federal Penitentiary in Illinois, where he is serving a 25-year sentence, to determine whether we should vacate his plea of guilty to the crime of robbery here for which he was sentenced to a term of 7½ to 12 years to run concurrently with the much longer sentence imposed by the United States District Court for the Northern District of Illinois. If it should be determined that the appellant was mentally incompetent to stand trial in New York in 1969, because he had been confined to psychiatric institutions between 1946 and 1967, then the same rule should apply with respect to the 25-year sentence imposed in 1966 by the Federal court in Illinois. That should be the place where the first determination is made, because the final result here in New York can avail nothing.